### 7891

### SMITH v. SOUTHERN RY.

CARRIER—PASSENGER—MILEAGE BOOK.—Where a passenger pays for a ticket for himself and one for his wife with mileage out of his own book at the suggestion of the station ticket agent the conductor should not take up the book.

Before WATTS, J., Edgefield, March, 1910.   Reversed.

Action by H. A. Smith against Southern Railway. Plaintiff appeals.

*Messrs. Thurmond & Nicholson,* for appellant, cite: *Conductor must heed reasonable explanation of passenger:* 75 S. C. 16; 64 S. C. 514; 69 S. C. 327; 6 Cyc. 557. *Punitive damages are recoverable for mental suffering apart from bodily injury:* 52 S. C. 323; 57 S. C. 418. *Principal is liable for the acts of his agent:* 82 S. C. 173; 37 S. C. 194. *And in punitive damages, if the act was fraudulent:* 70 S. C. 115, 424; 71 S. C. 446; 100 Am. St. R. 261. *Forfeitures are not favored in the law:* 53 Am. St. R. 659. *Passenger may rely on statements of ticket agent:* 2 Wood on R. R., sec. 349.

*Messrs. B. L. Abney* and *N. G. Evans,* contra. Oral argument.

May 2, 1911.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   The facts out of which this case arose are fully stated in the opinion in the case of Bessie D. Smith against the same defendant, *infra* 421.   This plaintiff seeks to recover damages for alleged abusive language of defendant's conductor to him, on the occasion in question, and for taking up and refusing to return to him his mileage book.

At the close of plaintiff's testimony, defendant moved for a nonsuit on two grounds:

1. Because there was no evidence upon which punitive damages could be awarded. 2. Because the evidence showed that plaintiff had violated the terms of his contract by using the coupons from his mileage book to purchase a ticket for his wife, and, therefore, by the terms of the contract, the mileage book was subject to forfeiture. The motion was granted.

A careful examination of the evidence discloses nothing in the language or conduct of the conductor toward this plaintiff which would warrant a verdict for punitive damages. There was therefore no error in granting the nonsuit on that cause of action. But the principles upon which the case of Bessie D. Smith was decided are conclusive of the proposition that, under the circumstances, the defendant did not have the right to forfeit plaintiff's mileage book. Therefore, plaintiff should have been allowed to recover the value of his mileage book with interest thereon from the date it was taken from him, and for that purpose the judgment is reversed and the case remanded.

Reversed.